CECILIO ECHEANDÍA FONT, Petitioner and Appellant, *v.* JOSÉ ANTONIO ALVARADO, WARDEN OF THE INSULAR PENITENTIARY, Respondent and Appellee.

No. 9055. Argued January 8, 1945.—Decided February 13, 1945.

*Juan B. Soto* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

In our dismissal of the petition for habeas corpus in *Echeandía* v. *Saldaña,* 61 P.R.R. 771, we construed § 6362 of the Revised Statutes of 1911 in connection with § 1 of the Act of March 14, 1907,[1] and held as follows:

---

[1] These Sections read thus:

"Section 6362. Whenever a person is accused of any offenses and is placed under bond awaiting trial, but by reason of poverty is unable to secure bondsmen and is therefore held in custody while awaiting trial, and is thereafter sentenced to a term of imprisonment, such term of imprisonment shall be reduced by the time already spent in custody from the time of arrest to the time when final sentence is rendered.

"Section 1. On and after April 1, 1907, every prisoner heretofore or hereafter sentenced to imprisonment in the penitentiary or heretofore or hereafter sentenced to imprisonment with labor in the district jails of Porto Rico who observes good conduct and diligence shall be entitled to the following reductions from the term of his sentence, such reductions counting from his admission to the jail or penitentiary when admitted thereto subsequent to April 1, 1907.

.    .    .    .    .    .    .    .

"For a sentence of 10 years or more, 10 days in each month.

"The said reductions shall be made by the calendar month, and if the sentence of any prisoner contains a fraction of a month whether at the beginning or at the end of his sentence, a reduction of one day shall be made for each five days or part thereof included within the said fraction."

"Since the reduction is computed *from the admission of the prisoner to the jail or penitentiary* and not before, and since the time that he is going to serve is not the total of the sentence passed upon him but what is left to be served, once he is credited with the time already spent in jail while awaiting trial, it is evident that the deduction for good conduct can only be made from the time when he starts to serve the sentence in jail or in the penitentiary, if the case be either a misdemeanor or a felony. Therefore, the deduction can not be made from the total of the sentence passed on him. That the phrase 'from his admission to jail or penitentiary' does not refer to the time at which the accused is taken into custody to await trial but to that moment at which he starts to serve the final sentence, is proved by the fact that the imprisonment awaiting trial never takes place in the penitentiary, since it is not until after a prisoner has been sentenced to a term in the penitentiary that he can be confined, under any circumstances, to such penitentiary."

Upon dismissing another petition for habeas corpus in *Echeandía* v. *Alvarado,* 63 P.R.R. 220, we again construed § 1 of the Act of 1907, *supra,* as amended by Act No. 180 of May 15, 1943, in the sense of increasing from 10 to 13 days in each month the reduction granted to a prisoner who serves 30 years or more; and we held therein, copying from the syllabus, that "A prisoner whose term has been commuted from a life sentence to a term of 30 years in the penitentiary acquires the status of an inmate for a term of 30 years, counted from the date of his commitment to the penitentiary, and from that date he is entitled to deductions for good conduct at the rate of 10 days in each month, under the Act of March 14, 1907 (Laws of 1907, p. 297), and of 13 days in each month from the date on which Act No. 180 of 1943 (Laws of 1943, p. 652) went into effect."

For the third time the petitioner in the above-cited cases has filed a petition for habeas corpus alleging that he has been illegally detained since March 13, 1944. Said petition was dismissed by the lower court, whereupon petitioner took the present appeal which involves only two questions, to wit, 1st, whether the period spent in jail awaiting trial (7 months,

25 days) may be deducted from the sentence of 30 years which the petitioner is serving, and 2d, whether said sentence has already expired according to the computation made by the petitioner. Both questions were decided against him by the lower court.

■ As to the first question, we are of the opinion that it has already been affirmatively decided in *Echeandía* v. *Saldaña, supra,* as well as in *Figueroa* v. *Saldaña, Warden,* 63 P.R.R. 656. In the latter case we ratified our ruling in the *Echeandía* case and stated the following:

". . . petitioner Primitivo Figueroa Colón, upon having his sentence of life imprisonment commuted to 20 years' imprisonment, acquired the status of an inmate for a term of 20 years' imprisonment, *from the date of his commitment to the Penitentiary to serve the original sentence, that is, from October 20, 1930. . .*" (Italics ours.)

and after accepting the computation made by the *Fiscal* we quoted in the opinion that part of his report which was pertinent and began thus:

" 'When petitioner was committed to the Penitentiary, he had spent 29 days in the District Jail, which, subtracted from the term of his penalty of 20 years, reduces it to 19 years, 11 months, one day, which term started on October 20, 1930, . . .' "

It is evident that the doctrine to the effect that a life prisoner whose term has been commuted to a certain number of years acquires the status of an inmate for that number of years, counted from the date of his commitment to the penitentiary, means that the commutation has a retroactive effect.

■ When a life prisoner is granted the status of an inmate for a certain number of years, counted from his commitment to the penitentiary, all by virtue of the commutation decreed by the Governor, he is likewise granted the right to all the benefits provided by our statutes in favor of the inmates for that same term, even though under the original sentence the inmate was not entitled to such benefits because of the nature of his sentence to life imprisonment.

One of those well-known benefits consists in being entitled, for each month of good conduct, to a reduction of a number of days for good conduct and assiduity in his sentence. Another benefit, under the Act of 1907, *supra,* is the deduction from the sentence of the period held in custody awaiting trial.

The case of *Ex parte Leroy,* 17 P.R.R. 1008, invoked by the lower court and by the *Fiscal,* who maintained that according to our ruling in said case the petitioner was not entitled to be credited the period spent in custody, may be distinguished from the case at bar. Petitioner Leroy had been sentenced on October 24, 1905, to serve a term of 30 years, which was commuted to 10 years by an order of the Governor. Leroy petitioned a writ of habeas corpus for his release alleging in support thereof that if the time spent awaiting trial were credited to him, pursuant to the Act of *1907,* besides the reduction for good conduct, the term of his sentence would have expired. Construing the Act of *1907,* which grants the deduction of the period spent in custody awaiting trial, this court held that the same was prospective and not retrospective and, therefore, that it could not be applied to a case involving a state of facts which existed prior to the enactment of the statute. That was the *ratio decidendi* in said case.

The case at bar is different. In 1925, when the petitioner was sentenced to life imprisonment, the Act of 1907 was already in force and, just like in 1925, when a prisoner serving a term of 30 years was granted the deduction of the period spent awaiting trial from his sentence, the petitioner is entitled to be credited with the 7 months and 25 days which he spent awaiting trail when he acquired, by virtue of the commutation, the status of an inmate for a term of 30 years. The trial court committed the first error assigned.

We shall now pass to consider the second question raised, that is, whether or not the petitioner appellant has served his sentence.

In *Buscaglia* v. *People, ante,* p. 177, we took occasion to state the manner in which the credits provided by the Act of 1907, *supra,* footnote (1), now under consideration, should be computed, and to that effect we copy in the margin the pertinent part of the opinion.[2]

Entering now into a liquidation of the sentence of 30 years imposed on the petitioner by reason of the commutation, and taking into account the return and the evidence introduced, we come to the following conclusion:

(*a*) By deducting from the 30-year term the 7 months and 25 days spent in custody while awaiting trial, the unserved term was reduced to 29 years, 4 months, and 5 days.

(*b*) Since up to August 13, 1943 (on which date Act No. 180 of 1943, increasing the credit from 10 to 13 days for each month, became effective), the petitioner had served in the penitentiary 17 years and 10 months, on which the credit of 10 days for each month had been computed, we have that those 17 years and 10 months, are equivalent to 26 years and 9 months of the term of his sentence.

(*c*) If from the 29 years, 4 months, and 5 days we deduct 26 years and 9 months, there are left 2 years, 7 months,

---

[2] "The computation made by the judge of the lower court is in conflict with the decisions of this court in *Pérez* v. *Saldaña,* 60 P.R.R. 891, and *Echeandía* v. *Saldaña,* 61 P.R.R. 771, in which we held that any good conduct deduction to be made from the imprisonment term should be made from the day of the prisoner's confinement in the jail or penitentiary, as the case may be, to serve the sentence imposed upon him, and this term does not include the time spent in prison while awaiting trial (*prisión preventiva*). See *Aderhold* v. *Ellis,* 84 F. (2d) 543.

  \*　　\*　　\*　　\*　　\*　　\*　　\*

"By reason of the two errors committed by the trial court we feel constrained, in the interest of a greater clearness, to state concisely the manner in which the original sentence of 10 years' imprisonment in jail, imposed upon the petitioner, should be liquidated.

"(*a*) By deducting from the 10-year term, to which the petitioner was sentenced, the period of 5 months and 28 days during which he was held in custody awaiting trial (*prisión preventiva*), from the time of his arrest until January 10, 1938, when final judgment was rendered by the district court, the unserved term would be reduced to 9 years, 6 months, and 2 days.

"(*b*) After crediting the petitioner with one-third of said term, the latter would be further reduced to 6 years and 4 months."

and 5 days from which we must deduct the credit of 13 days for each month as follows:

Credit for 2 years_____ 312 days
    (24 months × 13 = 312)
Credit for 7 months_____ 91 ”
    (7 × 13 = 91)
Credit for 5 days_____ 1 ”
                                    404 days

404 days = 1 year, 1 month, and 14 days which, after being deducted from the 2 years, 7 months, and 5 days of the term of the sentence, leaves a balance of 1 year, 5 months, and 21 days which the petitioner had to serve in prison from August 13, 1943, and which expired on February 3, 1945.

In view of the foregoing, even though the lower court when rendering judgment on June 1944, committed no error in deciding that the petitioner was not illegally deprived of his liberty, it is obvious that during the prosecution of this appeal the petitioner has fully served his sentence of 30 years' imprisonment since February 3, 1945, and in consequence thereof the judgment appealed from will be set aside and another rendered instead granting the petition and decreeing the immediate discharge of the petitioner.

